IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:18-CV-188-D

| | | |
|---|---|---|
| SEASIDE HCBS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHEPHARD LEE SPRUILL, II, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 3) by plaintiff Seaside HCBS, LLC ("plaintiff") to seal an exhibit (D.E. 2) filed in support of its complaint (D.E. 1). The motion to seal is supported by a memorandum (D.E. 4) and declaration (D.E. 5), and no opposition to the motion has been filed. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, as noted, the document sought to be sealed was filed in connection with plaintiff's complaint, and therefore the right of access at issue arises under the First Amendment. *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988); *Robinson v. Pepsi Bottling Grp.*, No.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion to seal was filed on 16 November 2018. No opposition to the motion has been filed despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibit in question contains confidential information and plaintiff has filed a redacted version of the exhibit, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 3) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal the unredacted exhibit (D.E. 2) in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

This 15th day of January 2019.

James E. Gates
United States Magistrate Judge